UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NATHAN A. GOFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00019-JPH-MJD |
| | ) | |
| VIGO COUNTY POLICE OFFICER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening the Complaint,
Dismissing Deficient Claims,
and Providing Opportunity to Amend**

Plaintiff Nathan Goff, an inmate at Knox County Jail, brings this action pursuant to 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**II. The Complaint**

The complaint names two defendants: Vigo County Police Officer and Vigo County Jail. The plaintiff seeks compensatory and punitive damages.

1

The plaintiff alleges that Vigo County Police Officer kicked him in the face during a confrontation, fracturing his jaw in three places. During the same confrontation, the plaintiff was bit by Vigo County Police Officer's police dog. The complaint does not identify the name of the police officer who kicked him or provide the approximate date of the confrontation.

The plaintiff also alleges that officials at the Vigo County Jail failed to protect him from an attack by a fellow inmate after his arrest, and that jail officials sometimes failed to provide him with liquid meals after his jaw was wired shut. The complaint does not identify which officials failed to protect him or failed to provide him with liquid meals.

### III. Discussion

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Fourth Amendment protects free citizens and arrestees from acts of excessive force by police officers. *Phillips v. Community Ins. Corp.*, 678 F.3d 513, 519 (7th Cir. 2012). The Fourteenth Amendment entitles pretrial detainees to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015).

"Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot

be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Based on the screening standard set forth above, the claim against "Vigo County Police Officer" is **dismissed**. To state a claim in federal court, the complaint must identify the defendants; claims against unnamed or John Doe defendants may not proceed. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff."). "Vigo County Police Officer" does not sufficiently identify the defendant for purposes of stating a claim.

The claims against the Vigo County Jail are **dismissed** because the jail is a non-suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("[T]he district court was correct that, in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.").

### IV. Opportunity to Amend

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through June 19, 2020, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of

the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint must have the proper case number, 2:20-cv-00019-JPH-MJD, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 5/18/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NATHAN A. GOFF
175630
KNOX COUNTY SHERIFF'S DEPARTMENT
2375 S. Old Decker Road
Vincennes, IN 47591