UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NATHAN A. GOFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-00019-JPH-MJD |
| | ) |
| OFFICER BRIAN BOURBEAU, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER SCREENING THE AMENDED COMPLAINT,
DISMISSING DEFICIENT CLAIMS,
AND DIRECTING SERVICE OF PROCESS**

Plaintiff Nathan Goff, an inmate at Miami Correctional Facility who is represented by counsel, brings this action pursuant to 42 U.S.C. § 1983 and the Indiana Tort Claims Act ("ITCA"). Mr. Goff alleges that the defendants violated his rights during his arrest in Terre Haute, Indiana, and confinement at Vigo County Jail ("VCJ"). Because Mr. Goff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the amended] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
## THE AMENDED COMPLAINT

The amended complaint names the following defendants: Officer Brian Bourbeau in his individual capacity, the City of Terre Haute, and Vigo County. Mr. Goff is seeking compensatory, consequential, special, and punitive damages and attorneys' fees.

The amended complaint alleges that on or about July 17, 2019, Officer Bourbeau and other law enforcement officers executed an arrest warrant on Mr. Goff. A police dog ran after Mr. Goff during the arrest. When Mr. Goff saw the police dog, he immediately surrendered by dropping to his knees and placing his hands behind his head. The police dog attacked Mr. Goff as he knelt. While Mr. Goff was being attacked, Officer Bourbeau kicked him in the face, fracturing his jaw in three places. Officer Bourbeau is employed by the City of Terre Haute and / or Vigo County.

Following his arrest, Mr. Goff was transported to VCJ. He was placed in a cell with an inmate who was known to jail staff to be a danger to himself and others. Mr. Goff asked to be moved away from this inmate for his own health and safety, but jail staff ignored his request. When the inmate returned from a court hearing that had upset him, he assaulted Mr. Goff, further injuring Mr. Goff's jaw.

Mr. Goff's jaw was wired shut as a result of his injuries. Jail staff did not accommodate his need for a liquid diet, which caused him to miss meals during his confinement at VCJ.

## III.
## DISCUSSION

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The Fourth Amendment protects arrestees from objectively unreasonable excessive force during their arrests. *Avina v. Bohlen*, 882 F.3d 674, 678 (2018) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Under Indiana tort law, "law enforcement officers owe a private duty to refrain from using excessive force in the course of making arrests." *Wilson v. Isaacs*, 929 N.E.2d 200, 203 (Ind. 2010). "If an officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery." *Id.* The employer of an officer who commits assault and battery may be sued for damages. *Id.* However, an officer who uses excessive force during a lawful arrest acts within the scope of his employment and is immune from personal liability. *Wilson v. Isaacs*, 917 N.E.2d 1251, 1258 (Ind. Ct. App. 2009) (citing Ind. Code § 34-13-3-5(b)), *affirmed*, *Wilson*, 929 N.E.2d at 201 n. 1.

Based on the screening standard set forth above, Mr. Goff's Fourth Amendment excessive force claim **shall proceed** against Officer Bourbeau in his individual capacity. His claims for assault and battery and negligence during his arrest **shall proceed** against the City of Terre Haute and Vigo County.

All other claims are **dismissed**.

Under Indiana tort law, Officer Bourbeau is immune from personal liability for using excessive force during Mr. Goff's lawful arrest. *Wilson*, 917 N.E.2d at 1258.

Vigo County is not liable under Indiana tort law for the jail staff's failure to protect Mr. Goff from another inmate or for their refusal to accommodate Mr. Goff's need for a liquid diet. Indiana sheriffs have statutory a duty to "take care of the county jail and the prisoners there." Ind. Code § 36-2-13-5(a)(7). County governments have no control over the actions of county

sheriffs or the administration of county jails. *Waldrip v. Waldrip*, 976 N.E.2d 102, 118-19 (Ind. Ct. App. 2012). The authority of county governments over county jails is limited to the construction and maintenance of those facilities. *Id.* (citing Ind. Code § 36-2-2-27(a)). For these reasons, a county government is not liable for injuries sustained by a jail inmate caused by jail staff or otherwise unrelated to the construction or maintenance of the facility. *Waldrip*, 976 N.E.2d at 118-19.

The amended complaint does not state a federal constitutional claim against the City of Terre Haute or Vigo County. "[M]unicipal governments [including counties] cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees. They can, however, be held liable for unconstitutional municipal policies or customs." *Simpson v. Brown County*, 860 F.3d 1001, 1005-6 (7th Cir. 2017) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978)). The amended complaint does not allege that Mr. Goff suffered a constitutional violation as a result of a policy or custom of the City of Terre Haute or Vigo County. Accordingly, any claims brought against these defendants pursuant to § 1983 may not proceed.

## IV.
## SUMMARY AND SERVICE OF PROCESS

Mr. Goff's motion for leave to file an amended complaint, dkt. [15], is **granted**. The **clerk is directed** to re-docket the amended complaint, dkt. [15-1]. The **clerk shall add** Officer Brian Bourbeau, the City of Terre Haute, and Vigo County as defendants on the docket. The **clerk shall terminate** Vigo County Police Officer and Vigo County Jail as defendants on the docket.

Mr. Goff's Fourth Amendment excessive force claim **shall proceed** against Officer Brian Bourbeau in his individual capacity. Mr. Goff's claims under Indiana tort law for assault and

4

battery and negligence during his arrest **shall proceed** against the City of Terre Haute and Vigo County. All other claims are **dismissed**.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Officer Brian Bourbeau, the City of Terre Haute, and Vigo County in the manner specified by Rule 4(d). Process shall consist of the amended complaint, dkt. [15-1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of service of Summons), and this Order.

**SO ORDERED**.

Date: 9/16/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAUL JUNGERS
WAGNER, CRAWFORD, GAMBILL & JUNGERS
paul.jungers@gmail.com

OFFICER BRIAN BOURBEAU
Terre Haute Police Department
1211 Wabash Avenue
Terre Haute, IN 47807

CITY OF TERRE HAUTE
City Legal Department
17 Harding Avenue
2nd Floor
Terre Haute, IN 47807

VIGO COUNTY
Vigo County Complex
121 Oak St.
Terre Haute, IN 47807