UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| NATHAN A. GOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00019-JPH-MJD |
| ) | |
| BRIAN BOURBEAU, ) | |
| CITY OF TERRE HAUTE, ) | |
| VIGO COUNTY, ) | |
| ) | |
| Defendants. ) | |

**Order Relinquishing Supplemental Jurisdiction
over Remaining State Law Claims
and Directing Entry of Final Judgment**

Nathan Goff filed this lawsuit following his arrest in July 2019. The Court granted summary judgment for defendants Brian Bourbeau and the City of Terre Haute and issued an order to show cause under Federal Rule of Civil Procedure 56(f) why the remaining state law tort claims against Vigo County should not be dismissed. Mr. Goff and Vigo County have responded to the Rule 56(f) show cause order. Considering these responses, it is not clear how the remaining state law claims should be resolved. Accordingly, the Court relinquishes supplemental jurisdiction over these state law claims, and the action is now **DISMISSED**.

### I. Background

**A. Claims**

The amended complaint names Officer Bourbeau in his individual capacity, the City of Terre Haute, and Vigo County. It alleges that Officer Bourbeau and other law enforcement officers executed an arrest warrant on Mr.

Goff in July 2019. During the course of the arrest, Mr. Goff was allegedly attacked by a police dog and kicked in the face by Officer Bourbeau, which resulted in a broken jaw. *See* dkt. 17 (amended complaint).

Following screening, Mr. Goff was allowed to proceed on a Fourth Amendment claim against Officer Bourbeau in his individual capacity and on state law claims for assault, battery, and negligence against the City of Terre Haute and Vigo County. Dkt. 16 at 3 (order screening the amended complaint). All other claims were dismissed, including Mr. Goff's claims that Vigo County officials failed to provide him with a liquid diet and failed to protect him from an assault by an inmate at Vigo County Jail. *Id.* at 3-4 (citing *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (2012) (explaining that as a matter of Indiana law, county sheriffs are responsible for the administration of the county jails, and that the county commissioners' authority over county jails is limited to the construction and maintenance of those facilities)).

### B. Summary Judgment Order

The Court granted summary judgment for Officer Bourbeau. Dkt. 43. Mr. Goff had "no idea" if the officer who kicked him was Officer Bourbeau, yet he was the only person Mr. Goff chose to sue for his broken jaw. Dkt. 43 at 6 (citing dkt. 31-1 at 43, 59). Summary judgment for Officer Bourbeau was therefore appropriate because there was no evidence that he was personally involved in kicking Mr. Goff in the face, and because the force he did use—striking Mr. Goff in the torso—was reasonable under the totality of the circumstances. Dkt. 43 at 6-11. The Court also granted summary judgment for the City of Terre Haute

based on Mr. Goff's failure to comply with the notice requirements of the Indiana Tort Claims Act. *Id.* at 11-14.

The Court denied Vigo County's motion for summary judgment as moot. *Id.* at 14-15. The only claims proceeding against Vigo County were state law claims for assault, battery, and negligence based on allegations of misconduct during Mr. Goff's arrest. Dkt. 16 at 3. Yet Vigo County moved for summary judgment only on the previously dismissed claims alleging that Vigo County officers deprived Mr. Goff of a liquid diet and failed to protect him from an assault by another inmate at Vigo County Jail. *See generally* dkt. 32.

Finally, the Court identified an independent basis to grant summary judgment for Vigo County on the state law claims because "[t]here is no evidence that the officers responsible for [Mr. Goff's] injuries were county employees." Dkt. 43 at 15. Mr. Goff had been arrested by officers of the Vigo County Drug Task Force ("VCDTF"), which is comprised of officers from the Terre Haute Police Department, the Vigo County Sheriff's Department, and the Vigo County Prosecutor's Office. *Id.* at 2. So, under Rule 56(f), the Court ordered Mr. Goff to show cause why summary judgment should not be granted for Vigo County. *Id.*

### C. Show Cause Responses

Mr. Goff argues that summary judgment should not be entered for Vigo County for two reasons. First, in its answer to the amended complaint, Vigo County admitted the following allegation: "Defendant County, Vigo County, is the legal entity responsible for itself and the Vigo County Sheriff's Department, and is responsible for . . . oversight and employment of the VCDTF team." Dkt.

3

46 at 3 (citing dkt. 16 at ¶ 12 (amended complaint"); dkt. 24 at 2 (Answer) ("Vigo County admits the allegations of rhetorical paragraphs 1-12 of the Complaint")). Second, Mr. Goff argues there is evidence that Officer Bourbeau used force by striking Mr. Goff in the torso during the arrest; that he was injured by a Vigo County police K-9; and that some member of VCDTF broke his jaw.

Vigo County responds that "[o]ther than incorrectly admitting in its answer Task Force officers were its employees, Vigo County only employs Sheriff's Department deputies on the Task Force." Dkt. 47 at 2. Vigo County states that the officer responsible for handling the police K-9 that bit Mr. Goff during his arrest was a Vigo County Sheriff's Deputy. *Id.* at 4.[1]

## II. Discussion

Having previously granted summary judgment for Officer Bourbeau on Mr. Goff's federal claim, dkt. 43, the Court has discretion whether to retain supplemental jurisdiction over the remaining state law claims against Vigo County. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction.") (cleaned up). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522

---

[1] Vigo County also argues that the force used to subdue Mr. Goff was not excessive, though it does not explain why that is relevant to the Court's evaluation of whether the remaining state-law claims should be dismissed. Dkt. 47

4

U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit has made clear that "the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted). There are several exceptions: "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Companies Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) (internal quotation marks omitted)).

When the Court issued the summary judgment and Rule 56(f) show cause order, it appeared clear that the remaining state law claims should be resolved in favor of Vigo County because there was no evidence that Mr. Goff was injured by a Vigo County official during the July 2019 arrest. *See* dkt. 43 at 14–15. But the parties' responses to the Rule 56(f) notice present important additional considerations. Mr. Goff points out that Vigo County admitted in its answer that it was "responsible for . . . oversight and employment of the VCDFT team." Dkt.

46 at 3 (citing dkt. 16 at ¶ 12; dkt. 24 at 2). Vigo County does not dispute or seek to clarify this admission, but argues that Mr. Goff was not subjected to excessive force during his arrest. Dkt. 47.

Having considered these points, the Court determines that no exceptions apply and that the "usual practice" of dismissing the remaining state law claims, *Groce*, 193 F.3d at 501, is appropriate. First, the statute of limitations will not have run on Mr. Goff's state law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances that are not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). Second, the Court resources expended on this case related primarily to Mr. Goff's federal claim. Next, given the parties' responses to the Rule 56(f) show cause order, it is not "absolutely clear" how the claims should be decided. Finally, the questions about the County's involvement and municipal liability for state-law claims implicate important questions of state law that are best decided in state court. *See RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.3d 476, 481 (7th Cir. 2012) (When "the relevant state law is unsettled, the presumption in favor of relinquishment is particularly strong."). Therefore, the Court exercises its discretion to relinquish supplemental jurisdiction over Mr. Goff's state law claims.

Final judgment consistent with this Order; the Order Granting Summary Judgment for Defendants Brian Bourbeau and the City of Terre Haute; and the Order Screening the Amended Complaint, shall now issue.

**SO ORDERED**.

Date: 3/30/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel